# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JEROME WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV411-179 |
| ) | CR409-027 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Jerome Williams has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. CR409-027, doc. 67. According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge "must dismiss the motion" when it "plainly appears . . . that the moving party is not entitled to relief." Williams's motion is untimely, so it must be dismissed.

Williams was required to file his § 2255 motion within one year of the date his judgment of conviction became final. 28 U.S.C. § 2255 (f)(1); *Enriques v. United States*, 2011 WL 721306 at * 1 n. 2 (11th Cir. Mar. 2, 2011). The Court entered judgment against him on March 16, 2010, doc.

64, and he took no appeal, so finalization occurred 14 days later, on March 1, 2010. *Adams v. United* States, 173 F.3d 1339, 1343 n. 2 (11th Cir. 1999); *Arroyo v. United States*, 359 F. App'x 118, 119 (11th Cir. 2009); Fed. R. App. P. 4(b)(1)(A)(i).[1] Williams signed his § 2255 motion on July 1, 2011 -- 472 days after March 16, 2010. Doc. 67 at 6. It therefore is too late. Nor has he offered any facts to warrant tolling of the limitations period.

Accordingly, the Court should **DISMISS** Jerome Williams's 28 U.S.C. § 2255 motion. Doc. 67. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28

---

[1] *Adams* and *Arroyo* speak of 10 days, but those cases applied the pre-2009 version of Fed. R. App. P. 4(b)(1)(A)(i); it was changed from 10 to 14 days in 2009. Thus, "the time for filing a direct appeal [now] expires 14 days after the written judgment of conviction is entered on the criminal docket. Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6)." *Robinson v. United States*, 2011 WL 2222501 at * 1 (M.D. Fla. Jun. 7, 2011). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed. R. App. P. 4(b)(6). Plus now "every day, including intermediate Saturdays, Sundays, and legal holidays, [is] included in the computation. *See* Fed. R. App. P. 26(a)(1)." *Remedios v. United States*, 2011 WL 1598843 at * 4 n. 6 (S.D. Fla. Mar. 28, 2011), *adopted*, 2011 WL 1628026 (S.D. Fla. Apr. 28, 2011).

U.S.C. § 2253(c)(1); see *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 18th day of July, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA